**CRANE CO. v. MATHES.**

No. 5695.

Circuit Court of Appeals, Fifth Circuit.

July 12, 1930.

St. Clair Adams, of New Orleans, La. and Joseph B. Crow, of Shreveport, La., for appellant.

Yandell Boatner and Byron A. Irwin, both of Shreveport, La. (Pugh, Grimmet & Boatner, of Shreveport, La., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

FOSTER, Circuit Judge.

Appellee was injured in a collision between an automobile truck belonging to his employer upon which he was riding and another automobile truck, owned and operated by appellant. He recovered a verdict on which judgment was entered.

Error is assigned to the overruling of a motion for a directed verdict and to the refusal to give a number of special charges requested.

There was evidence tending to show that the truck upon which appellee was riding was covered with a wide platform, and that at the time of his injury he was seated on the platform at the front end of the truck with his legs dangling. It is argued that he should have been seated in the cab of the truck or have been on the truck back of the cab; that, if he had been so located, he would not have been injured; that this constituted contributory negligence and was the proximate cause of the injury. This argument is without merit. Appellee had the right to be on his employer's truck, and his position was safe enough if the collision had not occurred. The questions of negligence and contributory negligence were properly left to the jury.

The special requests were predicated on the alleged contributory negligence of appellee. No exception was noted to the general charge of the court. The charge covered the special requests so far as they were applicable.

The record presents no reversible error.

Affirmed.